# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | FREDERICK J. KAPALA | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 50063 | **DATE** | June 10, 2008 |
| **CASE TITLE** | Rodney G. Nystrom (B-61239) v. Richard Meyers | | |

**DOCKET ENTRY TEXT:**

The plaintiff's motion for leave to proceed *in forma pauperis* [#3] is granted. The trust fund officer at the plaintiff's place of confinement is authorized to make deductions from the plaintiff's trust fund account for payment of the filing fee in accordance with this order. The clerk shall send a copy of this order to the trust fund officer at the Pickneyville Correctional Center. The Court appoints James T. Harrison, Harrison Law Offices, 684 S. Eastwood Drive, (Route 47), Woodstock, IL 60098, 815-338-7773 as counsel for the plaintiff. A status conference is set for 10:30 a.m. on July 8, 2008, before Magistrate Judge Michael Mahoney. If the plaintiff is incarcerated as of the date of the status, the warden having custody over the plaintiff is directed to make him available at a designated Department of Corrections video conference facility to appear for the status conference. If the plaintiff is not incarcerated, he is directed to appear in person with his attorney. The clerk shall mail a copy of this order to the plaintiff at the Pickneyville Correctional Center and to the address provided by the plaintiff in his notice of change of address. [#4]

■ [**For further details see text below.**]

Docketing to mail notices.

---

## STATEMENT

   The plaintiff, Rodney G. Nystrom (B-61239), a state prisoner currently confined at Pickneyville Correctional Center, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Winnebago County Sheriff Richard Meyers and three nurses at the Winnebago County Jail. The plaintiff alleges that the nurses failed to provide the plaintiff with adequate medical attention for an infected toe and that Sheriff Meyers failed to train jail personnel properly and to implement adequate medical screening procedures.

   The plaintiff having shown that he is indigent, his motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), the plaintiff is assessed an initial partial filing fee of $7.00. The trust fund officer at the plaintiff's place of incarceration is authorized and ordered to collect, when funds exist, the partial filing fee from the plaintiff's trust fund account and pay it directly to the clerk of court. After payment of the initial partial filing fee, the plaintiff's trust fund officer is directed to collect monthly payments from the plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments shall be forwarded to the clerk of court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, IL 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify the plaintiff's name and the case number assigned to this action. The plaintiff will remain responsible for this payment obligation and the trust fund office at his current place of confinement will notify transferee authorities of any remaining balance in the event the plaintiff is transferred to another correctional facility.

**(CONTINUED)**

isk

## STATEMENT

Under 28 U.S.C. § 1915A, the court is required to conduct a preliminary review of an inmate's complaint. Here, accepting the plaintiff's allegations as true, the court finds that the complaint states a colorable cause of action under 42 U.S.C. § 1983. Correctional officials and health care providers may not act with deliberate indifference to an inmate's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Walker v. Benjamin*, 293 F.3d 1030, 1037 (7th Cir. 2002). Although a more fully developed record may establish that the plaintiff's claims are without merit, the defendants must respond to the allegations in the complaint.

The court appoints James T. Harrison, Harrison Law Offices, 684 S. Eastwood Drive, (Route 47), Woodstock, IL 60098, 815-338-7773, as counsel for the plaintiff. Failure of the plaintiff to notify the court and counsel of any change in mailing address or telephone number may result in dismissal of this lawsuit with prejudice.

Within fifteen days of the date of this order, appointed counsel is directed, pursuant to the requirements of Rule 4(d)(2) of the Federal Rules of Civil Procedure, to notify the defendants of the commencement of the action and to request waiver of service of summons. The notices shall be directed to each named defendant employed at the Winnebago County Jail, c/o Sheriff Richard Meyers. Notices to defendants not employed at Winnebago County Jail shall be directed to each named defendant at the appropriate business address.

A status conference before Magistrate Judge Michael Mahoney is set for 10:30 a.m. on July 8, 2008. If the plaintiff is incarcerated on the date of the status, the warden having custody over the plaintiff is directed to make the plaintiff available at a designated Department of Corrections video conference facility to appear. If the plaintiff is not incarcerated at the time of the status conference, he is directed to appear in person with his attorney.

It is further ordered that, on the status date above, the plaintiff shall be prepared to orally present a more definite statement, setting forth in detail the factual bases of his cause of action and the personal involvement of each named defendant. *See Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985). All or part of the plaintiff's case may be subject to dismissal if it appears that certain counts or claims do not have a basis in law or in fact. The defendants need not respond to the pending complaint until further order of the court.

It is further ordered that, fourteen days prior to the status conference date above, without awaiting a discovery request, the parties shall make the following initial disclosures:

A) The name of each person having discoverable information relevant to disputed facts alleged with particularity in the pleadings.

B) The defendants are ordered to produce copies of all documents contained in the medical file and master file (including investigation reports and incident reports), not privileged or protected from disclosure, relevant to disputed facts alleged with particularity in the pleadings. The plaintiff is ordered to produce copies of all documents in his possession that are relevant to disputed facts.

C) A computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered.

Furthermore, counsel for the defendants is hereby granted leave to depose the plaintiff at his place of confinement. Counsel for the defendants shall issue the appropriate notice of deposition to the plaintiff's counsel.