UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| RODNEY GENE NYSTROM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.:   08 C 50063 |
| | ) | |
| RICHARD MEYERS, JODI JONES, | ) | Judge Frederick Kapala |
| JILL RUSS and SANDRA NIENABER, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM IN SUPPORT OF
<u>RULE 12(b)(6) MOTION OF SANDRA NIENABER & JILL RUSS</u>**

The Defendants, SANDRA NIENABER, and JILL RUSS, by and through their attorney, Louis A. Varchetto, states the following as their Memorandum in Support of their 12(b)(6) Motion filed in response to Plaintiff's Amended Complaint:

**I.**

<u>**Allegations**</u>

1.   In Count I, Plaintiff has attempted to assert a claim under the Fourteenth Amendment for Deprivation of Due Process, on the basis that Nurses Nienaber, Russ and others committed malpractice and provided inadequate medical care.  Clearly, Plaintiff's claim has nothing to do with due process and has failed to set out a cognizable claim for any constitutional violation.

2.   Plaintiff details the medical and nursing care provided by Nurses Nienaber, Russ and others pertaining the "Mercer" (sic) (ie MRSA) infection in his foot as the basis for his claim.

1

II.

**Plaintiff Fails to State A Claim**

6. Plaintiff's complaint against Nurse Nienaber and Nurse Russ fails to state a claim upon which relief can be granted because the Plaintiff has failed to comply with 735 ILCS 5/2-622 in that he has not attached to the Complaint a certificate of merit or written report authored by a reviewing healthcare professional.

7. Plaintiff has also failed to allege sufficient facts to demonstrate a violation of his constitutional rights.

A.

**Certificate of Merit**

8. To minimize frivolous malpractice suits, Illinois law requires the plaintiff to file a physician's certificate of merit and accompanying written report with every malpractice Complaint. The failure to abide by this requirement shall be grounds for dismissal.

*Sherrod v. Lingle*, 233 F.3d 605, 613 (7th Cir. 2000).

9. The requirements of §2-622 are substantive requirements of Illinois law and so are also required in Federal Court.

*Robar v. Wexford Health Services*, 2007 WL 1673161 C.D.Ill. (*See copy attached as Exhibit "1"*).

10. The expert's report required by §2-622 must be attached to the Complaint and must clearly identify the reasons for the reviewing healthcare professional's opinion that a reasonable and meritorious cause exists for filing the action. Id.

11. The nature of the act alleged determines whether the Defendants' activity constitutes healing art malpractice. *Baumann v. American National Red Cross*, 262 F.Supp.2d 965, 967 (CD.Ill., 2003).

12. Where the challenged decision or action by a defendant involves the use of medical judgment the suit is one for medical malpractice and §2-622 applies. Id.

13. The requirement of a §2-622 certificate of merit and written report extends to nurses, and nurse practitioners. *Sherrod v. Lingle*, 223 F.3d 605 (7th Cir. 2000). See also, *Shanks v. Memorial Hospital,* 170 Ill.App.3d 736, 739 (1988).

14. Plaintiff's claims as against Nurse Nienaber and Nurse Russ clearly amount to a challenge to the judgment pertaining to the management of Mr. Nystrom's medical condition.

15. As such, the substantive requirements of 735 ILCS 5/2-622 mandate dismissal of the Complaint in the absence of a certificate of merit and report of a reviewing physician concluding that the Plaintiff has a meritorious cause of action against the nurses.

**B.**

**Insufficient Allegations**

16. At best, Plaintiff's allegations against Nurses Nienaber and Russ allege an inadvertent failure to provide medical care, more commonly known as malpractice.

> "[A]n inadvertent failure to provide adequate medical care cannot be said to constitute an 'unnecessary and wanton infliction of pain' or to be 'repugnant to the conscience of mankind'. Thus a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eight Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."

*Eades v. Thompson*, 823 F.2d 1055, 1060 (7th Cir. 1987).

17. Because Plaintiff's Complaint, at best, avers a claim that Nurses Nienaber and Russ were negligent in their care of the Plaintiff, Plaintiff has failed to state a claim for a constitutional violation upon which relief can be granted against Nurses Nienaber and Russ.

18. Plaintiff's Complaint as against Nurses Nienaber and Russ must be dismissed.

## V.

## Conclusion

19. As artfully stated by the 7th Circuit, medical malpractice does not become a constitutional violation merely because the victim is a prisoner. Plaintiff has at most, alleged Nurses Nienaber and Russ may have been negligent in providing nursing care. In doing so, however, Plaintiff has failed to comply with 735 ILCS 5/2-622. Both individually and in combination, those defects in the Plaintiff's claim require that it be dismissed as against Nurse Nienaber and Nurse Russ pursuant to F.R.C.P. 12(b)(6).

WHEREFORE, Nurse Nienaber and Nurse Russ pray that the Amended Complaint be dismissed as to each of them.

        Respectfully Submitted,

        **SANDRA NIENABER, and JILL RUSS**

        s/Louis A. Varchetto
        Attorneys for Defendants
        Louis A. Varchetto
        IL Bar No. 3125565
        Mulherin, Rehfeldt & Varchetto, P.C.
        211 S. Wheaton Ave., Suite 200
        Wheaton, IL  60187
        Telephone: (630) 653-9300
        Fax: (630) 653-9316
        E-mail: lvarchetto@mrvlaw.com

## **CERTIFICATE OF SERVICE**

I, Louis A. Varchetto, an attorney, do hereby certify that on September 2, 2008, I electronically filed **Defendants' Memorandum in Support of Rule 12(b)(6) Motion to Dismiss of Sandra Nienaber and Jill Russ,** with the Clerk of the United States District court, Northern District of Illinois, Western Division, using the CM/EFC system, which will send notification of such filings to the following registered participants:

Mr. Jack D. Ward
*Reno & Zahm, LLP*
2902 McFarland Road
Suite 400
Rockford, IL  61107
815/9874050
815/987-4092 (fax)
E-mail:  jdw@renozahm.com

Ms. Sara Marie Hohe
*Winnebago County State's
         Attorney's Office*
400 West State Street
Suite 804
Rockford, IL  61101
815/987-3179
815/319-4701 (fax)
E-mail: shohe@co.winnebago.il.us

 

                                          s/Louis A. Varchetto
                                          Attorneys for Defendants
                                          IL Bar No. 3125565
                                          MULHERIN, REHFELDT & VARCHETTO, P.C.
                                          211 S. Wheaton Ave., Suite 200
                                          Wheaton, IL 60187
                                          Telephone:(630) 653-9300
                                          Fax: (630) 653-9316
                                          E-mail: lvarchetto@mrvlaw.com



Not Reported in F.Supp.2d  
Not Reported in F.Supp.2d, 2007 WL 1673161 (C.D.Ill.)  
**2007 WL 1673161 (C.D.Ill.)**

Page 1

H  
Robar v. Wexford Health Sources, Inc.  
C.D.Ill.,2007.  
Only the Westlaw citation is currently available.  
United States District Court, C.D. Illinois.  
Jim S. ROBAR, Administrator of the Estate of Alan S. Robar, deceased, Plaintiff,  
v.  
WEXFORD HEALTH SOURCES, INC. et al., Defendants.  
No. 06-3171.

June 6, 2007.

Peter R. Coladarci, Chicago, IL, David C. Sleigh, Sleigh & Williams, St. Johnsbury, VT, for Plaintiff.  
Michael J. Charysh, Richard A. Tjepkema, Charysh & Schroeder Ltd., Chicago, IL, Theresa M. Powell, Heyl Royster Voelker & Allen, Kelly R. Choate, Illinois Attorney General, Springfield, IL, for Defendants.

*OPINION*

JEANNE E. SCOTT, U.S. District Judge.  
*1 This matter comes before the Court on Defendant Melvin Martin, D.M.D.'s Motion to Dismiss Count IV of Plaintiff's Fourth Amended Complaint (d/e 74). Plaintiff Jim Robar alleges in Count IV that Dr. Martin committed negligent malpractice in the dental care provided to Jim Robar's deceased son Alan Robar. *Plaintiff's Fourth Amended Complaint (d/e 65) (Fourth Amended Complaint),* Count IV, ¶¶ 9(h) & (i). Defendant moves to dismiss Count IV because Jim Robar has failed to attach to the Fourth Amended Complaint an affidavit of counsel and reviewing dentist's report that complies with Illinois law. 735 ILCS 5/2-622. For the reasons set forth below, the Motion is ALLOWED. The Affidavit and Report attached to the Fourth Amended Complaint are not sufficient to support a claim on behalf of the Estate of Alan Robar (Estate) for injuries resulting from allegedly unnecessary extraction of two teeth by Defendant Martin. This Court, however, will give Jim Robar one last chance to secure a sufficient report to support the Estate's personal injury claim against Martin. The wrongful death claim against Martin is dismissed with prejudice. No allegations show any connection between Martin's treatment and Alan Robar's death.

*STATEMENT OF FACTS*

The Court set forth Jim Robar's allegations in detail in the Opinion entered February 1, 2007 (d/e 49) (Opinion). The material allegations in the Fourth Amended Complaint remain substantially unchanged. Jim Robar alleges that his son was mentally ill, that the Defendants acted with deliberate indifference, or in the alternative, negligence in failing to recognize and properly treat his son's condition, and that as a result, his son committed suicide. *Opinion,* at 3-4. In particular, Jim Robar alleges that Martin extracted two of Alan Robar's teeth unnecessarily. *Fourth Amended Complaint,* Count IV, ¶¶ 9(h) & (i).

The Second Amended **Complaint** had no affidavit or reviewing dentist's **report** with respect to Defendant Martin, as **required** by Illinois law. *Opinion,* at 7-8. The Court, therefore, allowed Martin's Motion to Dismiss the Second Amended **Complaint**, but gave Jim Robar leave to file an amended **complaint** with a proper affidavit and **report**. *Opinion,* at 9.

Jim Robar then filed the Fourth Amended **Complaint** with an Affidavit and **Report**. *Plaintiff's Fourth Amended Complaint (d/e 65),* Exhibit I, *Attorney's Affidavit,* and Exhibit J, *§ 2-622 Report of Health Care Professional ( Report).* The **Report** states, in part:

I am a dentist licensed and practicing in the (sic) Illinois. I have reviewed the medical and dental (sic) of Alan S. Robar from the Western Illinois Correctional Center, and I believe that there is a reasonable and meritorious cause for bring (sic) an

© 2008 Thomson Reuters/West. No Claim to Orig. U.S. Govt. Works.

EXHIBIT "1"

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2007 WL 1673161 (C.D.Ill.)
2007 WL 1673161 (C.D.Ill.)

Page 2

action for dental negligence against Dr. Melvin Martin, D.D.S. with respect to treat (sic) of Mr. Robar.

Specifically, it is clear from the records, that Mr. Robar's complaints were inconsistent with the findings, thereby suggesting his problems were not dental in nature. It would have been appropriate to provide some treatment for his complaints, even if not physiologic (sic), and refer him to available health care professionals for evaluation of his condition. His treatment was a violation of the standard of care.

*2 *Report*, at 1. The copy of the Report attached to the Fourth Amended Complaint is unsigned, and the dentist who prepared the Report is not identified.

### ANALYSIS

For purposes of this Motion, the Court must accept as true all well-pleaded factual allegations contained in the Fourth Amended Complaint and draw all inferences in the light most favorable to Plaintiff Jim Robar. *Hager v. City of West Peoria*, 84 F.3d 865, 868-69 (7th Cir.1996); *Covington Court, Ltd. v. Village of Oak Brook*, 77 F.3d 177, 178 (7th Cir.1996). The Fourth Amended Complaint should not be dismissed unless it appears beyond doubt that Jim Robar can prove no set of facts that would entitle him to relief. *Doherty v. City of Chicago*, 75 F.3d 318, 322 (7th Cir.1996).

Illinois law requires plaintiffs in these types of actions to consult with a qualified healthcare professional, knowledgeable in the relevant issues involved in the case, before filing a case and to secure a determination from that expert that the plaintiff has a reasonable and meritorious cause for bringing the action. 735 ILCS 5/2-622(a)(1). Further, the plaintiff's attorney must attach to the complaint: (1) an affidavit stating that he complied with this requirement, and (2) the expert's report. The expert's report must clearly identify the reas-

ons for the reviewing health care professional's opinion that a reasonable and meritorious cause exists for filing this action. *Id.* The requirements of § 2-622 are substantive requirements of Illinois law and so are also required in federal court. *See Sherrod v. Lingle*, 223 F.3d 605, 613-14 (7th Cir.2000) (applying the requirements of § 2-622 in federal court).

Martin complains that the Report is insufficient because: (1) the expert is not identified, and the Report is unsigned; (2) the Report does not indicate how Alan Robar suffered any injuries at the hand of Martin; and (3) the expert does not explain how Martin's extraction of two teeth had any connection to Alan Robar's subsequent suicide. *Memorandum of Law in Support of Motion to Dismiss Count IV of Plaintiff's Fourth Amended Complaint (d/e 75)*, at 4. The first argument is not persuasive. The Report did not need to identify the expert. The Report, however, is deficient because the expert does not clearly explain the reasons for his opinion that Jim Robar has a meritorious claim on behalf of the Estate against Martin. Finally, the Report shows no connection between Martin's alleged actions and Alan Robar's death. Martin is, therefore, entitled to dismissal of the claims against him in Count IV.

Jim Robar could properly omit from the copy of the Report any information which would identify the reviewing expert. The requirements of § 2-622 are substantive requirements of Illinois law and so are also required in federal court. *See Sherrod*, 223 F.3d at 613-14 (applying the requirements of § 2-622 in federal court). The events at issue took place in 2004. At that time, Illinois law provided that "information which would identify the reviewing health professional may be deleted from the copy [of the report] so attached [to the complaint]."735 ILCS 5/2-622(a)(1)*Validity Note* (2004 ed.). The 1995 amendment to § 2-622 that required identification of the reviewing expert was unconstitutional under the Illinois Constitution. *Best v. Taylor Mach. Works*, 689 N.E.2d 1057 (Ill.1997). Hence, the prior law, quoted above, was

© 2008 Thomson Reuters/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2007 WL 1673161 (C.D.Ill.)
2007 WL 1673161 (C.D.Ill.)

Page 3

in effect in 2004.

*3 The statute was amended in 2005 to require disclosure of the identity of the reviewing expert, but that amendment expressly applied prospectively only.P.A. 94-677, § 330, effective August 25, 2005; 735 ILCS 5/2-622(j). Since the cause of action accrued in 2004, the 2005 amendment does not apply. The version of § 2-622 in effect in 2004, when the cause of action accrued, allowed Robar to omit identifying information about the reviewing expert from the copy of the Report attached to the Fourth Amended Complaint.

The Report, however, does not sufficiently explain how Martin breached the standard of care. Martin extracted two teeth from Alan Robar. *Fourth Amended Complaint*, Count IV, ¶ 9(h). As quoted above, the expert opined that based on the "records", Alan Robar's "complaints" were inconsistent with the "findings." The expert nowhere identifies either the records, the nature of Alan's Robar's complaints, or the findings to which he refers. Thus, the Court and Martin cannot determine the basis for the expert's opinion. Furthermore, the expert states that "some treatment" would be appropriate, but the expert does not explain what type of treatment would be appropriate, and why the treatment provided by Martin was not appropriate. The vagueness of these statements render the Report deficient for purposes of § 2-622; the reasons for the expert's opinions are not clearly identified. The Court, however, will give Jim Robar one more chance to have his expert explain his opinion that a meritorious claim exists that Martin treated Alan Robar negligently in the extraction of two teeth.

The Report also says nothing about Alan Robar's death. The Fourth Amended Complaint alleges no facts to show that the extraction of two teeth had any connection to Alan Robar's suicide. Jim Robar, therefore, fails to state a claim for wrongful death against Martin. His claim against Martin, on behalf of the Estate, is limited to any pain and suffering or other injuries associated with the allegedly unnecessary extraction of two teeth.

Martin also asks this Court to decline to exercise jurisdiction over Count IV. Count IV is a state-law claim for negligence. Count III is a federal claim under 42 U.S.C. § 1983 alleging, *inter alia*, that Martin violated Alan Robar's constitutional rights by extracting his teeth with deliberate indifference to an actual medical condition. *Fourth Amended Complaint*, Count III, ¶¶ 9-10. Martin does not move to dismiss this claim. The negligence claim in Count IV arises from the same transactions as the claim in Count III. This Court, therefore, has supplemental jurisdiction over Count IV because the Count is part of the same case or controversy as Count III. 28 U.S.C. § 1367. The Court sees no basis for declining to exercise jurisdiction at this point.

THEREFORE, Defendant Melvin Martin, D.M.D.'s Motion to Dismiss Count IV of Plaintiff's Fourth Amended Complaint (d/e 74) is ALLOWED. All claims against Defendant Martin arising from the death of Alan Robar in Count IV of the Fourth Amended Complaint are dismissed. The claims against Defendant Martin in Count IV for injuries to Alan Robar from the allegedly unnecessary extraction of two teeth are dismissed with leave to re-plead with a proper affidavit and report that meets the requirements of § 2-622. Plaintiff Jim Robar is directed to file the amended complaint by July 6, 2007. The Defendants are directed to answer the amended complaint by July 31, 2007.

*4 IT IS THEREFORE SO ORDERED.

C.D.Ill.,2007.
Robar v. Wexford Health Sources, Inc.
Not Reported in F.Supp.2d, 2007 WL 1673161 (C.D.Ill.)

END OF DOCUMENT

© 2008 Thomson Reuters/West. No Claim to Orig. U.S. Govt. Works.